VOGT v. GENERAL NECESSITIES CORPORATION.

SLOMAN-POLK CO. v. GROSS.

1. RECEIVERS—ALLOWANCE FOR RENT.
   Where there was no evidence of reasonable rental value of premises occupied by lessee's receivers, court properly allowed rent at rates stipulated in lease.

2. SAME—PAYMENT OF TAXES AND WATER CHARGES.
   Where lease required payment of taxes as additional rent, and taxes became due and payable while lessee's receivers were occupying premises, court should have included them and also water charges for time receivers were in occupancy in allowance for rent.

Appeal from Wayne; Chenot (James E.), J. Submitted June 14, 1932. (Docket No. 110, Calendar No. 36,604.) Decided October 3, 1932.

In receivership proceedings by Ben T. Vogt and others against General Necessities Corporation, a Michigan corporation. On petition of Sloman-Polk Company, a Michigan corporation, to intervene and sue Nathan M. Gross and another, receivers, for sums due under a lease. From order made, intervener appeals. Modified and affirmed.

*Emmons, Oren & Sleeper* (*David A. Howell,* of counsel), for appellant.

*Beaumont, Smith & Harris* (*Thomas B. Moore* and *Lewis S. Robinson,* of counsel), for receivers.

McDONALD, J. The Union Guardian Trust Company and Nathan M. Gross are receivers of the

General Necessities Corporation. The Sloman-Polk Company is the lessor in a 99-year lease of certain premises in the city of Detroit. The General Necessities Corporation was the lessee by assignment. The receivers were appointed April 28, 1930. They took possession of the leased property and occupied it until October 1, 1930. A quarterly payment of rent under the lease became due May 1, 1930. By order of the court on petition of the receivers, they were authorized to pay the rent for that quarter in the amount specified by the lease. On August 1, 1930, another quarterly payment became due. It was not paid, the lessor intervened and petitioned the court to compel payment of rent, taxes, and water charges pursuant to the terms of the lease for the time the premises were occupied by the receivers. On the hearing the court entered an order requiring the receivers to pay a reasonable rent for the time of their occupancy, but denied the right of the lessor to recover the taxes and water charges. From this order the lessor has appealed.

It is the lessor's contention on appeal, first, that the receivers adopted the lease and assumed liability for the rent, taxes, and water charges according to its terms; and second, if they did not adopt the lease, their liability is measured by its provisions for the time of their actual occupancy of the premises, which includes rent, taxes, and water charges in the amount specified.

It is the contention of the receivers that they did not adopt the lease and that their liability is limited to a reasonable rental of the premises for the time they occupied them.

Whether or not the lease was adopted by the receivers is not a material question in this case because the lessor demanded and accepted a surrender of the premises on October 1, 1930; and, because,

in determining the amount of rent which the receivers should pay, the trial court allowed it at the sum stipulated in the lease. When the receivers surrendered possession of the premises, rent for the months of August and September was due and unpaid. By the terms of the lease the lessor was entitled to a rental of $1,000 a month. The court allowed $2,000 rent for the two months the receivers were in arrears. As this was at the rate stipulated in the lease and as there was no evidence of reasonable rental, neither party has ground to complain of the allowance.

As to the taxes, the lease provided that they should be paid by the lessee. They constituted a part of the rent as appears by the following language of the lease:

"The intent hereof being to insure to said lessors a net rental hereunder, not chargeable with any burdens by way of taxes, or otherwise, resulting in the diminution of the same."

It was clearly the intention of the parties to treat the taxes as additional rent to be paid as such by the lessee. On July 15, 1930, during the occupancy of the receivers, city taxes amounting to $8,131.81 became due and were payable by the lessee within 30 days of the due date. They were not paid by the receivers. The lessor was compelled to pay them in order to protect its property. As the receivers and their insolvent were in actual occupancy when the taxes for the year 1930 became due, they should be required to pay them.

The receivers concede that they should pay the water charges for the time of their occupancy, amounting to $89.45. The decree of the trial court should have included an allowance of these charges. It should also have included an allowance for the

taxes for the year 1930, together with the rental which was properly allowed at $2,000.

A decree will be entered in this court in accordance with this opinion. The lessor will have costs.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred. BUTZEL, J., did not sit.